Kirkpatrick, C. J.
— The sixth reason assigned for the reversal of this judgment, is that the venire does not command the constable to summon twelve men, being citizens of this State, above the age of twenty-one and under the age of sixty-five.
This is expressly required by-the act constituting these courts. If the precept is right, the want of qualifications [71] Avould be matter of challenge to the jurors individually, as they came to the book. But here, the error is in the process itself. According to the opinion of Sayres v. Scudder,[2]
I think there must be a reversal.
Rossell, J.
— Did not concur in opinion with the chief justice; but thought the judgment ought to be affirmed.
Pennington, J.
— All the reasons assigned for the reversal of this judgment, excepting the sixth, are either not supported by the record, or if supported, insufficient to reverse the judgment. I have considered the sixth reason, which in substance *91 is, that the venire does not contain all the qualifications of the jurors, pointed out by the act of Assembly, but only good and lawful men, being freeholders of the county. I cannot bring my mind to reverse a judgment for this cause. I think the correct manner of wording the venire, is to put into it all the qualifications required by the statute; [*] but I cannot think the omission in this case so fatal as to vitiate the judgment. In case either of the jurors bad lacked any of the qualifications required by the statute, either party might have challenged them for that cause, notwithstanding the omission complained of. .No objection was made at the trial on this score; and I incline to think, that it is too late after verdict and judgment. I cannot, therefore, concur in the reversal; but think the judgment ought to be affirmed.
Thompson, for plaintiff.
Judgment affirmed.
Cited in English v. Bonham, 2 Harr. 350.

 Vide ante, 63. — Ed.